# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JAMES W. HIGGINBOTHAM,

                Plaintiff,

v.                                                     CIVIL ACTION NO. 3:05-0255

NORFOLK SOUTHERN RAILWAY
COMPANY, a Virginia corporation;
NORFOLK SOUTHERN CORPORATION,
a Virginia corporation; CHARLES PAXTON,
individually; JAMES D. FARLEY, individually;
JOHN R. GARCIA, individually; and JAMES
H. HATFIELD, individually,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the motions to dismiss of the defendants Norfolk Southern Railway Company and Norfolk Southern Corporation (Doc. No. 13) and the defendants James D. Farley (Doc. No. 35), John R. Garcia (Doc. No. 37) and Charles Paxton (Doc. No. 39). Also pending is the defendants' motion for leave to file a supplemental memorandum of law (Doc No. 40) and the plaintiff's motion to remand this case (Doc. No. 10). The defendants' motion for leave to file a supplemental memorandum is **GRANTED**. For the following reasons, the Court **GRANTS** the plaintiff's motion and **REMANDS** this matter to the Circuit Court of Mason County. Accordingly, the Court **DENIES** as moot the defendants' motions to dismiss.

## Background

The plaintiff, James W. Higginbotham, is a longtime railroad worker who is currently employed as a welder by the defendant Norfolk Southern Railway Company. In June 2000, Norfolk Southern terminated Mr. Higginbotham's employment based on his alleged involvement in the unauthorized removal of railroad track from its property. Mr. Higginbotham challenged his termination, following the procedures outlined in the collective bargaining agreement between Norfolk Southern and his union. The matter proceeded to arbitration and the public law board concluded in May 2001 that although the plaintiff had engaged in conduct unbecoming an employee, Norfolk Southern had not established that he knowingly stole property. The board directed Norfolk Southern to reinstate the plaintiff with his seniority intact but without compensation for the time he was off work.

The parties substantially agree on the preceding facts, but the defendants dispute the plaintiff's account of the facts at the center of this case, which involve the actions Norfolk Southern and its police officers took both in the initial investigation and after the public board arbitration concluded. The plaintiff alleges that Norfolk Southern and three of its police officers pursued a criminal indictment against him despite their knowledge that there was no evidence to support charges of grand larceny. Norfolk Southern's first meeting with the Kanawha County Office of the Prosecuting Attorney was in October 2000. Contact with the prosecutor's office continued through May 2002, a year after the plaintiff was reinstated by the public law board. The plaintiff alleges that in these communications, the defendants initiated, pursued and insisted upon his prosecution while providing the prosecutor's office with false and fraudulent information. The plaintiff was indicted in May 2002 on three counts of grand larceny. Those charges were all dismissed by the Circuit

Court of Kanawha County in January 2004.

In January 2005, the plaintiff brought this action for malicious prosecution in the Circuit Court of Mason County. The defendants removed the case to this Court in March 2005.

## **Standard of Review**

Any action over which the district courts have original jurisdiction that is filed in state court can be removed to federal court. *See* 28 U.S.C. § 1441. The removal statutes dictate that whenever the district court determines that it lacks subject matter jurisdiction to hear a claim, however, the court must remand the case to state court. *See* 28 U.S.C. § 1447. Removal statues are to be construed strictly against removal, and the burden to establish that removal of the action is proper lies with the party removing the case. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and not on the basis of any defense. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An exception to the well-pleaded complaint rule lies with the doctrine of complete preemption. *See id*. In complete preemption cases, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. at 393 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Thus, state law "claims founded directly on rights created by the collective-bargaining agreement, and also claims 'substantially dependant on analysis of a collective bargaining agreement'" are preempted by § 301

of the Labor Management Relations Act under the doctrine of complete preemption. *Id*. at 394 (citing *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n.3 (1987)). In that circumstance, "federal labor law principles. . . must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 406 (1988) (footnote omitted). This same standard applies to cases involving the Railway Labor Act, 45 U.S.C. § 151 et seq. ("RLA"). *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994). Accordingly, if resolution of the plaintiff's state law claim requires analysis of the labor agreement, it is preempted by the RLA and the issue may be resolved only through RLA mechanisms. *Id*. at 253.

### **Analysis**

To determine whether the state law claims should be preempted by the RLA, this Court must analyze the elements in the state cause of action. *Lingle,* 486 U.S. at 406; *see also Salmons v. Prudential Ins. Co.*, 48 F.Supp.2d 620, 624 (S.D.W.Va. 1999)(citing *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 535 (4th Cir. 1991)). To state a claim for malicious prosecution under West Virginia law, the plaintiff must prove "(1) That the prosecution was malicious; (2) that it was without reasonable or probable cause; and (3) that it terminated favorably to plaintiff." *McCammon v. Oldaker*, 516 S.E.2d 38, 43 (1999), *citing Syllabus Point 1, Lyons v. Davy-Pocahontas Coal Co.*, 84 S.E. 744 (1915). If resolution of the state claim necessarily requires interpretation of the collective bargaining agreement, then the claim is preempted. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211-212 (1985); *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. at 253.

The defendants contend that the first two elements of the claim require interpretation of the

collective bargaining agreement, and that the claim is consequently preempted. Their argument is largely based on two Fourth Circuit cases that addressed the issue of malicious prosecution in the employment context, *Foy v. Giant Food Inc.*, 298 F.3d 284 (2002) and *Shiflett v. I.T.O. Corp. of Baltimore*, 202 F.3d 260 (2000). *Shiflett*, an unpublished decision, is not binding precedent. Although disfavored, citation of unpublished decisions is allowed if counsel believes that the case "has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well." U.S. Ct. of App. 4th Cir. Rule 36(c).

In *Foy,* the plaintiff, William D. Foy, was involved in a fight with another employee in the workplace. The other employee filed an assault complaint against Mr. Foy, and the employer terminated him based on that complaint, which was later dismissed. Mr. Foy filed a number of claims, all of which were dismissed in the district court. On appeal, Mr. Foy challenged the dismissal of his claims of intentional infliction of emotional distress and malicious prosecution. In evaluating the appeal, the Fourth Circuit concluded that Mr. Foy could not state a claim for malicious prosecution against his employer, but added in *dicta* that even if he could, the claim would be preempted because proof that the employer acted with malice would require interpretation of the labor agreement. *Id.* at 290-91. Although this limited analysis involving a hypothetical situation provides little guidance, the court more fully addressed Mr. Foy's claim for intentional infliction of emotional distress. The court concluded that determining whether the employer had acted with the extreme and outrageous conduct necessary for the claim required determining "whether the actor was legally entitled to act as he or she did." *Id.* at 288, *quoting McCormick,* 934 F.2d at 537. In the context of an employment relationship, the court concluded, that determination should be made by referring to the collective bargaining agreement. "Whether an employer's actions in dealing with

and terminating an employee are wrongful is determined not in the abstract but necessarily by reference to the collective bargaining agreement which governs the employment relationship." *Id.*

Similarly, the court in *Shiflett* considered claims by a worker who was fired after a supervisor reported seeing him remove property from the employer's premises. *Id.* at 1. The employer called the police, who arrested the employee the next day. *Id.* In determining that the employee's state claims, including a claim for malicious prosecution, had been properly deemed preempted by the district court, the Fourth Circuit again relied on its reasoning in *McCormick*, concluding that the central issue was "a question of legal authority – whether management had the lawful right to proceed as it did." *Id.* at 4, *quoting McCormick*, 934 F.2d at 536.

The defendants rely on these cases as establishing controlling Fourth Circuit precedent that malicious prosecution claims are always preempted by labor law. That conclusion is overreaching, for these cases do nothing to disturb the general rule regarding preemption, which is that the focus of the analysis is "whether resolution of the cause of action requires interpretation of a collective bargaining agreement." *McCormick*, 934 F.2d at 535. Cases that present purely factual issues do not require interpretation of a labor agreement. *See, e.g., Lingle*, 486 U.S. at 407 (finding that factual questions pertaining "to the conduct of the employee and the conduct and motivation of the employer" do not require "a court to interpret any term of a collective-bargaining agreement.") Following this rule, the court in *Foy* distinguished its decision in *Owen v. Carpenters' Dist. Council*, 161 F.3d 767 (1998), noting that the wrongful discharge claim in that case was not preempted, even though it involved determining whether the employer had just cause, because "[r]esolution of the claim involved purely factual determinations, not an interpretation of the collective bargaining agreement." *Foy*, 298 F.3d at 288, fn. 3. *Shiflett* also referred to *Owen*, again distinguishing the case

before it on the ground that the facts were "virtually undisputed" and resolution of the case involved "issues of contractual, rather than factual, interpretation." *Shiflett*, 202 F.3d at 5.

The analysis required for resolution of this case is what distinguishes it from *Foy* and *Shiflett*. Unlike those cases, this is not a case where the court is called upon to consider whether the employer was authorized to investigate an employee's conduct and take disciplinary action. Rather, this case presents a much more narrow, factual issue. Whatever authorization the employer has under the collective bargaining agreement could not extend to submitting false information to the state officials in an effort to secure a fraudulent indictment, which is what the plaintiff alleges happened in this case. It is not necessary to refer to the collective bargaining agreement to determine that the employer had no such authority. Therefore, the central issue to be decided in this case is not the contractual one of whether certain actions were authorized under the labor agreement, but the factual one of whether the employer committed the acts complained of.

The defendant contends that there is no room for any court to act in this case because determining if an employer's act was wrongful always requires determining if the employer was authorized to act, which in turn requires interpretation of the collective bargaining agreement. If that were the appropriate inquiry, every employer-employee case would be preempted and employers would have free rein to disregard state law protections created for employees. Such an approach would be in opposition to long-standing preemption rules. *See, e.g., Lingle*, 486 U.S. at 408-09 (Noting, in the context of the NLRA, that "pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements.").

Finally, the Court addresses the defendants' argument in their supplemental memorandum on the issue of timing, which was also addressed at the hearing on these motions. The defendants emphasize that preemption turns on the nature of the challenged conduct and whether that conduct requires interpretation of the collective bargaining agreement rather than the timing of the conduct – that is, in this case, whether the challenged conduct occurred after the decision of the public law board. The Court agrees that whether the alleged acts by the employer here happened before or after the board's decision does not determine whether the plaintiff's malicious prosecution claim is preempted. The issue is not when the defendants acted but how they acted. The question of whether certain actions occurred after the arbitration decision may, however, be relevant in determining the defendants' reason for acting, one of the "purely factual questions concerning the conduct of the employee and the conduct and motivation of the employer" to be resolved in cases like this one that fall outside the category of preempted matters. *Owen*, 161 F.3d at 776.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the plaintiff's motion and **REMANDS** this case to Mason County Circuit Court. Accordingly, the Court **DENIES** as moot the defendants' motions to dismiss. Finally, the Court concludes that the plaintiff has not demonstrated that attorney fees are appropriate in this case and therefore **DENIES** the request for an award of fees.

ENTER: August 2, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE